The STATE of Texas, Appellant,

v.

Dennis Howard WALKER, Appellee.

No. 12–05–00284–CR.

Court of Appeals of Texas,
Tyler.

April 28, 2006.

Michael J. West, Asst. Dist. Atty., Tyler, for appellant.

Jeff L. Haas, Tyler, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

SAM GRIFFITH, Justice.

The State of Texas appeals the trial court's grant of Appellee Dennis Howard Walker's motion to quash the indictment. In its sole issue, the State contends that the trial court erred in quashing the indictment because no culpable mental state is required for the offense. We affirm.

### BACKGROUND

Appellee was charged by indictment for violating section 12.002(b) of the Texas Property Code. *See* TEX. PROP.CODE ANN. § 12.002(b) (Vernon 2004). More specifically, the indictment alleged that, on or about February 24, 2004, Appellee recorded West Oaks Subdivision Units II and III plat and subdivision of real property in the Smith County Clerk's office without approval by the appropriate authority, to wit: City of Tyler Planning and Zoning.

On July 5, 2005, Appellee filed a motion to quash the indictment. After a hearing on August 31, the trial court stated its

ruling on the motion and its reasoning in a letter to counsel for both parties. The court's analysis began with the presumption that a culpable mental state is required unless case law allows a prosecutor to pursue a strict liability prosecution. The court stated that the presumption against a strict liability prosecution strengthens if the offense is punishable by confinement. The court also noted that there had never been a prosecution of this offense in the state. Viewing the severity of the possible punishment and the gravity of the expected harm to the public, the trial court concluded that the motion to quash the indictment should be granted. On October 5, the trial court signed an order quashing the indictment. This appeal followed.

### CULPABLE MENTAL STATE

In its sole issue, the State argues that the trial court erred in quashing the indictment because the law does not require that the State allege a culpable mental state for the offense. Further, the State contends that the trial court failed to consider all of the relevant factors mandating a conclusion that the statute is one of strict liability. Appellee disagrees, arguing that the State failed to rebut the presumption requiring a culpable mental state for the offense.

### Statute Violated

The State alleged that Appellee violated section 12.002(b) of the Texas Property Code. This statute states as follows:

A person may not file for record or have recorded in the county clerk's office a plat or replat of a subdivision of real property unless it is approved as provided by law by the appropriate authority and unless the plat or replat has attached to it the documents required by Section 212.0105 or 232.023, Local Government Code, if applicable.

*Id.* A violation of this statute is a misdemeanor, punishable by a fine of not less than $10 or more than $1,000, confinement in the county jail for a term not to exceed ninety days, or both. *Id.* § 12.002(f).

### Applicable Law

 The sufficiency of an indictment is a question of law. *State v. Moff,* 154 S.W.3d 599, 601 (Tex.Crim.App.2004). We review de novo a trial court's ruling on the sufficiency of the indictment because the resolution of a question of law does not turn on an evaluation of the credibility or demeanor of a witness. *See id.* A fundamental defect in a charging instrument deprives the trial court of jurisdiction. *Thompson v. State,* 44 S.W.3d 171, 176 (Tex. App.-Houston [14th Dist.] 2001, no pet.).

 If the definition of an offense does not prescribe a culpable mental state, one is nevertheless required unless the definition plainly dispenses with any mental element. TEX. PEN.CODE ANN. § 6.02(b) (Vernon 2003). A trial court must look for a manifest intent to dispense with the requirement of a culpable mental state. *Aguirre v. State,* 22 S.W.3d 463, 472 (Tex. Crim.App.1999). Silence of a statute about whether a culpable mental state is an element of the offense leaves a presumption that one is required. *Id.* In the absence of an express intent to dispense with the requirement of a culpable mental state, we must inquire whether such an intent is manifested by other features of the statute. *Id.* These features include the language of the statute; the nature of the offense as either *malum prohibitum* or *malum in se;* the subject of the statute; the legislative history of the statute; the seriousness of harm to the public; the defendant's opportunity to ascertain the true facts; the difficulty in proving a culpable mental state; the number of prose-

cutions expected; and the severity of the punishment. *Id.* at 472–76.

If, in fact, the statute plainly dispenses with a culpable mental state as an element of the offense, it is a strict liability statute. *See Thompson,* 44 S.W.3d at 177. A strict liability statute is based upon the principle that "a person who commits an act in violation of the law may be held criminally liable even though he might be innocent of any criminal intent." *Id.* (quoting *Vaughan & Sons, Inc. v. State,* 737 S.W.2d 805, 818 (Tex.Crim.App.1987) (Teague, J., dissenting)).

### Analysis

We begin by observing that section 12.002(b) of the Texas Property Code does not include a culpable mental state as an element of the offense. *See* TEX. PROP. CODE ANN. § 12.002(b). Because the statute is silent regarding a culpable mental state, we presume that culpability is required. *Thompson,* 44 S.W.3d at 178. In order to determine whether the statute manifests an intent to dispense with a culpability requirement, we examine other features of the statute. *Id.*

*Language of the statute.* If any section of the statute prescribes a mental state while another section omits a mental state, we presume the legislature intended to dispense with a mental element in that section. *Id.* (citing *Aguirre,* 22 S.W.3d at 473). In this case, the section regulating the filing of a subdivision plat or replat is silent as to mental state. As such, we do not presume the drafters of the statute intended to dispense with a culpable mental state as an element of the offense. *See id.* Therefore, this factor weighs in favor of requiring a culpable mental state.

*Nature of the offense as malum prohibitum or malum in se.* Traditionally, *malum in se* offenses include acts that are inherently immoral such as murder, arson, or rape. *Id.* However, a *malum prohibitum* offense is defined as an act that is a crime merely because it is prohibited by statute, although the act itself is not necessarily immoral. *Id. Malum prohibitum* offenses include speeding, illegal dumping of trash, and possession of a firearm while under a domestic restraining order. *Id.* The implication is that a strict liability offense must be *malum prohibitum. Aguirre,* 22 S.W.3d at 473. Because violation of this statute cannot be considered inherently immoral, it is a *malum prohibitum* offense. Thus, this factor weighs against requiring a culpable mental state.

*Subject of the statute.* Strict liability statutes are traditionally associated with the protection of public health, safety, or welfare. *Id.* The court of criminal appeals has upheld statutes that impose strict liability for offenses including air and water pollution, driving while intoxicated, sale of horse meat for human consumption, adulteration of food, and speeding. *Id.* at 475 & n. 47; *Thompson,* 44 S.W.3d at 179 & n. 5. The statute in this case regulates the proper filing of a subdivision plat or replat with the county clerk. The State argues that this statute affects public welfare or safety because the general public is endangered by purchasing home lots while unaware that a future highway may be built on their lots. The class of public safety statutes that appellate courts have found to impose strict liability comprises statutes that punish dangerous activities which may result in serious physical injury or death to members of the public. *See Aguirre,* 22 S.W.3d at 475 & n. 47; *Thompson,* 44 S.W.3d at 179 & n. 5. The potential harm from the offense charged in this case is not of that nature. As such, this factor weighs in favor of requiring a culpable mental state.

■ *Legislative history of the statute.* The only significant legislative history of this statute is that fines and criminal penalties were added in 1987. Act of Apr. 30, 1987, 70th Leg., R.S., ch. 149, § 22, 1987 Tex. Gen. Laws 1301, *amended by,* Act of May 20, 1999, 76th Leg., R.S., ch. 1382, § 8, 1999 Tex. Gen. Laws 4682. However, this statute never included a culpable mental state. The State contends that such an omission after several amendments indicates that the legislature intended a violation of the statute to be a strict liability offense. However, we cannot find any authority or legislative history to support this contention, nor has the State cited any. Moreover, the amending of the statute without adding a mental state does not rise to the level of "a manifest intent to dispense with the requirement of a culpable mental state." *See Aguirre,* 22 S.W.3d at 472; *State v. Abdallah,* 64 S.W.3d 175, 179 (Tex.App.-Fort Worth 2001, pet. ref'd). Therefore, this factor is, at most, neutral.

■ *Seriousness of harm to the public.* Again, it is proper to consider whether this statute relates to public health, safety, or welfare. *Abdallah,* 64 S.W.3d at 178. Generally, the more serious the consequences to the public, the more likely the legislature meant to impose liability without regard to fault. *Thompson,* 44 S.W.3d at 180. In most strict liability offenses, the statutes protect unwitting and unwilling members of the public from the noxious and harmful behavior of others in situations in which it would be difficult for members of the public to protect themselves. *Id.* The State argues that the harm to the public is the increased cost to build the proposed highway and the cost of eminent domain proceedings. However, the monetary harm that could result from this offense is not of the same nature as the harm contemplated by strict liability statutes such as speeding, driving while intoxicated, adulteration of food, and air and water pollution. *See Abdallah,* 64 S.W.3d at 178. Such statutes involve serious risks to the public, including serious physical injury or death. Thus, this factor weighs in favor of requiring a culpable mental state.

■ *Defendant's opportunity to ascertain the true facts.* This factor should be viewed in the context of who, as between one in a business or an ordinary citizen, would have greater knowledge of the accepted standards of conducting the activity out of which the offense arose. *Id.* at 180. In other words, we must consider who is in the best position to prevent the violation. *Id.* The State contends that knowledge was imputed to Appellee, as a developer of real estate, regarding the plat filing requirements for developing a subdivision. Nonetheless, there is nothing in the statute indicating that it only applies to those whose business is real estate or property. *See id.;* Tex. Prop.Code Ann. § 12.002(b). As Appellee pointed out in oral argument, the statute could apply to an ordinary citizen who desires to subdivide a family farm. *See* Tex. Prop.Code Ann. § 12.002(b). Unlike a person involved in the business of real estate or property, an ordinary citizen is not in a position to know that such a law exists. *See id.* As such, this factor weighs in favor of requiring a culpable mental state.

■ *Difficulty in proving a mental state.* The greater the difficulty in proving a mental state, the more likely legislators intended to create a strict liability offense to ensure more effective law enforcement. *Thompson,* 44 S.W.3d at 181. The State argues that the difficulty in proving a mental state in this statute is high because the statute does not mandate that the actual recording of a particular plat be done by the person charged with the offense. Intent is a matter of fact to

be determined from all of the circumstances. *Smith v. State,* 965 S.W.2d 509, 518 (Tex.Crim.App.1998). A defendant's intentions or culpable mental state can be inferred from circumstantial evidence, such as his words, acts, and conduct. *See id.; Guevara v. State,* 152 S.W.3d 45, 50 (Tex.Crim.App.2004). Because intent may be inferred from a defendant's words, actions, and conduct, proving a mental state in this statute is no more difficult than proving a mental state in another offense, such as murder or robbery. *See Abdallah,* 64 S.W.3d at 181. Thus, this factor weighs in favor of requiring a culpable mental state.

**■ *Number of prosecutions expected.*** The fewer the expected prosecutions for commission of an offense, the more likely the legislature meant to require prosecuting officials to delve into the issue of fault. *Thompson,* 44 S.W.3d at 182. The State argues that this factor should be treated as neutral because the record is silent on this factor. At oral argument, the State admitted that it could find no prosecutions of this statute. In his brief, Appellee pointed out that there have been no reported prosecutions in twenty-three years since the statute's enactment. Both parties stated that reported appellate cases are the only source from which this information would be available to them. Because neither the State nor Appellee could find any prosecutions of this statute, this factor weighs in favor of requiring a culpable mental state.

**■ *Severity of the punishment.*** The greater the possible punishment, the more likely some fault is required. *Aguirre,* 22 S.W.3d at 476. Strict liability is generally associated with civil violations that are punishable by fine only. *Thompson,* 44 S.W.3d at 180. Conversely, if the offense is punishable by confinement, the presumption against strict liability strengthens. *Id.* A violation of this section

is punishable by a fine, confinement not to exceed ninety days, or both. *See* Tex. Prop.Code Ann. § 12.002(f). Possible confinement of up to ninety days for violation of this statute is a strong indication that a culpable mental state is required. *See Thompson,* 44 S.W.3d at 180–81. Therefore, this factor weighs in favor of requiring a culpable mental state.

**■** A majority of the factors we have considered weigh in favor of requiring a culpable mental state. However, these factors are not equally important. *See Aguirre,* 22 S.W.3d at 473 (acknowledging that the subject of the statute has been the most important factor in recent cases). In our analysis, we consider the seriousness of the possible punishment, ninety days in jail, as a particularly important factor that weighs against strict liability. *See Ex parte Weise,* 23 S.W.3d 449, 454 (Tex.App.-Houston [1st Dist.] 2000), *rev'd on other grounds,* 55 S.W.3d 617 (Tex.Crim.App. 2001). Because the majority of the factors weigh in favor of requiring a culpable mental state and the punishment includes ninety days of confinement, we cannot say that the statute manifests an intent to dispense with a culpable mental state sufficient to overcome the presumption that one was required. *See Aguirre,* 22 S.W.3d at 477. Thus, we must conclude that a culpable mental state was required in the indictment. *See id.* Accordingly, the State's sole issue is overruled.

### DISPOSITION

The judgment of the trial court is ***affirmed.***