MARY'S OPINION HEADING 









                                                NO.
12-06-00073-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

ROBERT DARRELL GREENLEE,           §                      APPEAL
FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            A jury convicted Appellant of possession of less than one
gram of methamphetamine.  The jury found
the enhancement allegations in the indictment to be true, and assessed his
punishment at confinement for twenty years and a fine of $10,000.

            Appellant, in the two issues presented, contends that the
trial court erred in admitting evidence of his criminal record in the
guilt-innocence phase of the trial, and that the evidence is legally and
factually insufficient to support his conviction.  We affirm.

 

Background

            On June 24, 2005, Tyler Police Officer Harold Snyder
responded to a call from the owner of a house at 2028 Devine Street who
reported that some people were apparently using the house on Devine Street
without her permission.  Officer Snyder
parked his patrol car half a block away from the Devine Street address.  As he approached the house, he observed a
male standing in the doorway who withdrew into the house when he saw the
officer.  At almost the same time he
noticed a male leaving the back of the house. 
Officer Snyder called to him ordering him to return to the house.  The man waved at the officer, but instead of
returning to the house, he began to run away.








            Sergeant Jacks of the Tyler Police Department heard
Officer Snyder’s call to the dispatcher that a man had run from him in the
Tyler Junior College area.  Sergeant
Jacks drove immediately to that vicinity, where he was flagged down by a
homeowner who told him that there was a man in his backyard who had asked for a
ride, because he was escaping from the police.

            Sergeant Jacks heard the man leap the back yard fence,
and he commenced a pursuit of the suspect through the underbrush.  The chase culminated when the suspect jumped
or fell off a ten foot embankment into a creek bed.  Other officers arrived to assist in the
apprehension of the man later identified as Robert Greenlee, Appellant.  A search of Appellant disclosed a metal
Bailey Mints can in Appellant’s back pocket. 
The can contained three small baggies containing substances the officers
suspected were controlled substances. 
Later tests showed that one of the baggies contained .63 grams of
methamphetamine.

 

Admission of Criminal Record during Guilt-Innocence
Phase

            In his first issue, Appellant insists the trial court
erred in admitting evidence of his criminal record for impeachment during the
trial’s guilt-innocence phase.

            Appellant conducted his own defense.  During his cross examination of Officer
Snyder, Appellant read from Officer Snyder’s police report, “[A]lso Greenlee
said he sustained injury to his left arm when he was arrested.  I notified Sergeant Plynail, and he and
Officer Mahlstrom came to East Texas Medical Center to take pictures of
Greenlee’s injuries.”  On the State’s
motion, the trial court admitted into evidence the remainder of the report
under the rule of optional completeness. 
Tex. R. Evid. 107.  The prosecutor then contended that, in his
cross examination of Officer Snyder, Appellant had elicited his own hearsay
declaration, and therefore, under Texas Rule of Evidence 806, his criminal
record could be used to attack his credibility. 
Over Appellant’s objection the trial court admitted evidence that
Appellant had been convicted of twenty felonies, once for possession of a
controlled substance, once for theft of property, twice for burglary of a
building, twice for credit card abuse, and fourteen times for burglary of a
vehicle.  The most recent convictions
were dated December 13, 1999, and were for possession of a controlled substance
and burglary of a building.  Twelve of
the convictions occurred on December 1, 1987; six others were dated March 7,
1987.

 

Standard of Review

            An appellate court reviews a trial court’s evidentiary
ruling for an abuse of discretion.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  A trial court must be given wide latitude to
admit or exclude evidence.  Theus
v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  As long as the trial court’s ruling is within
the zone of reasonable disagreement, an appellate court may not disturb
it.  Montgomery v. State,
810 S.W.2d 372, 391 (Tex.  Crim. App.
1990).

Applicable Law

            Texas Rule of Evidence 806 provides that “[w]hen a
hearsay statement . . . has been admitted in evidence, the credibility of the
declarant may be attacked . . . by any evidence which would be admissible for
those purposes if declarant had testified as a witness.”  Tex.
R. Evid. 806.  Under this rule,
the testimony of a nontestifying hearsay declarant may be impeached by evidence
of prior convictions.  Griffith v.
State, 983 S.W.2d 282, 290 (Tex. Crim. App. 1998).  The credibility of the declarant may also be
attacked when the declarant is the nontestifying defendant.  Appling v. State, 904 S.W.2d
912, 916 (Tex. App.–Corpus Christi 1995, writ ref’d).

            But even if the defendant, by eliciting his own hearsay
statement, invites impeachment by evidence of his prior convictions, their use
by the state is still subject to the restraints imposed by Texas Rule of Evidence
609.  Rule 609 of the Texas Rules of
Evidence states as follows:

 

  (a) General Rule.  For the purpose of attacking the credibility
of a witness, evidence that the witness has been convicted of a crime shall be
admitted if elicited from the witness or established by public record but only
if the crime was a felony or involved moral turpitude, regardless of
punishment, and the court determines that the probative value of admitting
this evidence outweighs its prejudicial effect to a party.

 

 

Tex.
R. Evid.
609(a) (emphasis added).  In Theus,
the Texas Court of Criminal Appeals set out a nonexclusive list of five factors
to be considered in conducting the balancing test required by Rule 609.  Theus, 845 S.W.2d at 881.  The five factors are (1) the impeachment
value of the prior offense, (2) the temporal proximity of the past crime to the
charged offense, (3) the similarity between past crimes and the offense charged,
(4) the importance of the defendant’s testimony, and (5) the importance of the
credibility issue.  Id.; see
also Tamez v. State, 205 S.W.3d 32, 38-39 (Tex. App.–Tyler 2006, no
pet.).

Discussion

            The impact of evidence of Appellant’s twenty prior
convictions on the jury’s opinion of his credibility was undoubtedly
devastating.  Therefore, the first Theus
factor, impeachment value of the offense, weighs in favor of
admissibility.  The sentences in eighteen
of the twenty cases were completed more than ten years before his trial for the
instant offense and under Rule 609(b) too remote.  His subsequent misconduct evidenced by the
two 1999 convictions might have served to remove the taint of remoteness and
revive their admissibility.  See Jackson
v. State, 50 S.W.3d 579 (Tex. App.–Fort Worth 2001, pet. ref’d).  Even a conviction too remote under Rule
609(b) may be admitted if the court determines, in the interest of justice,
that its probative value substantially outweighs its prejudicial effect.  Butler v. State, 890 S.W.2d 951 (Tex.
App.–Waco 1995, pet. ref’d).   This
factor, temporal proximity of the crime, also weighs in favor of
admissibility.  The third factor,
similarity of the crimes, weighs against admissibility because only one of
Appellant’s twenty convictions was for a drug related offense.

            The fourth and fifth Theus factors require
an evaluation of the importance of the defendant’s testimony and the importance
of the credibility issue.  The only
testimony offered by Appellant was his statement made to Officer Snyder at the
time of his arrest that Appellant had injured his arm.  As the State’s attorney repeatedly stressed
at trial, evidence of the nature of the injury to Appellant’s arm or the manner
in which it was injured was not relevant to any issue in the case.  Appellant’s testimony was inconsequential and
no credibility issue existed.  When the
absence of any defense evidence bearing on the question of Appellant’s guilt or
innocence is weighed against the prejudicial effect of twenty felony
convictions, the prejudicial effect of Appellant’s criminal record is
undeniably overwhelming.  The evidence of
Appellant’s twenty felony convictions did not serve to undermine Appellant’s
credibility which was not at issue, but surely worked to discredit his plea of
guilty by branding him a career criminal. 
Therefore, the fourth and fifth factors weigh against admissibility.

Harmless Error

            Even if we assume that the trial court erred in admitting
evidence of Appellant’s prior convictions, we believe the error was
harmless.  Error, other than
constitutional error, is harmless unless it affected a substantial right of
Appellant.  See Tex. R. App. P. 44.2(b); King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1998).  A substantial right is affected when the
error had a substantial and injurious effect on the jury’s determination of its
verdict.  Id.  The verdict will be affirmed if “after
examining the record as a whole, [the reviewing court has] fair assurance that
the error did not influence the jury, or had but a slight effect.”  Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998).  If the
reviewing court is unsure whether the error affected the outcome, the court
should treat the error as harmful.  Enriquez
v. State, 56 S.W.3d 596, 602 (Tex. App.–Corpus Christi 2001, pet. ref’d)
(citing O’Neal v. McAnich, 513 U.S. 432, 437-38, 115 S. Ct. 992,
995, 130 L. Ed. 2d 947 (1995)).

            The only evidence introduced by Appellant related to his
arm injury.  He presented no evidence
bearing on the question of his guilt or innocence.  The State presented the testimony of the two
officers who chased Appellant when he fled, and the officer, who, when
Appellant was apprehended, found the small can containing methamphetamine in
Appellant’s back pocket.  A DPS chemist
testified that one of the baggies in the can contained .63 grams of
methamphetamine.  This was confirmed by a
chemist who tested the substance at the request of the Appellant.  An examination of the entire record leads us
to conclude that the error alleged did not affect a substantial right of the
Appellant and was harmless.  Appellant’s
first issue is overruled.

 

Insufficiency of the Evidence

            In his second issue, Appellant complains that the
evidence is legally and factually insufficient to support his conviction
because there is no evidence that he intentionally or knowingly possessed the
contraband.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed.
2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In reviewing
factual sufficiency, we must ask whether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine our confidence in the jury’s determination or
proof of guilt, although adequate, if taken alone, is greatly outweighed by
contrary proof.  Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).

            Appellant maintains that the evidence is both legally and
factually insufficient, because there is no evidence that Appellant knowingly
or intentionally possessed the methamphetamine. 
To secure a conviction for possession of a controlled substance, the
State must prove beyond reasonable doubt that he intentionally or knowingly
possessed the contraband.  See Tex. Health & Safety Code Ann. §
481.115(a) (Vernon 2003).

            “A person acts intentionally, or with intent, with
respect to the nature of his or her conduct when it is her conscious objective
or desire to engage in the conduct or cause the result.”  Tex. Penal Code Ann. §
6.03(a) (Vernon 2003).  “A person acts
knowingly, or with knowledge, with respect to the nature of his conduct or to
circumstances surrounding his conduct when he is aware of the nature of his
conduct or that the circumstances exist. 
A person acts knowingly, or with knowledge, with respect to a result of
his conduct when he is aware that his conduct is reasonably certain cause the
result.”  Id. §
6.03(b).  To prove possession of a
controlled substance, the State must prove that the defendant exercised actual
care, custody, control, or management over the controlled substance knowing
that the controlled substance in his possession was contraband.  King v. State, 895 S.W.2d 701,
703 (Tex. Crim. App. 1995).

            A defendant’s culpable mental state can be inferred from
circumstantial evidence, such as his words, acts, and conduct.  Guevara v. State, 152 S.W.3d
45, 50 (Tex. Crim. App. 2004); Texas v. Walker, 195 S.W.3d 293,
300 (Tex. App.–Tyler 2006, no pet.).  In
most cases, whether the defendant acted intentionally or knowingly must be
inferred from the facts or circumstances. 
See Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim.
App. 1991).

            The defendant’s flight from the police and the subsequent
discovery of the methamphetamine in his back pants pocket at the conclusion of
the chase are sufficient facts from which the jury might reasonably infer that
Appellant intentionally or knowingly possessed the contraband.  The evidence is legally and factually
sufficient to prove that Appellant intentionally or knowingly possessed the
contraband.  Appellant’s second issue is
overruled.

 

 

Disposition

            The judgment is affirmed.

 

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

 

Opinion
delivered May 23, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)