# NOS. 12-18-00266-CR
## 12-18-00267-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL TODD RAMSEY,* *APPELLANT* | § | *APPEALS FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Todd Ramsey appeals his convictions for possession of a controlled substance and evading arrest. In three issues, Appellant contends the evidence is legally insufficient to support his convictions and the judgments contain improper court costs. We modify and affirm as modified.

## BACKGROUND

On April 4, 2015, Van Zandt County Constable Mickey Henson attempted to stop a white van because it only had one working headlight. The driver of the van did not stop, and Constable Henson pursued the vehicle. Both vehicles were disabled after driving through high water, and the driver of the van fled the vehicle on foot. Officials conducted a search of the area but did not locate the driver. Inside the van was a jewelry box that contained personal possessions and two bags of methamphetamine.

In October, Deputy Constable Tommy Monk connected Appellant to documents found in the van. Appellant was later arrested and charged by indictment with possession of a controlled substance in an amount less than one gram and evading arrest or detention with a vehicle. Notice of punishment enhancements were filed in the evading case. Appellant pleaded "not guilty" to

both offenses and the matters proceeded to a consolidated jury trial. Following evidence and argument, the jury found Appellant "guilty" of both offenses. The jury sentenced Appellant to 24 months imprisonment and a $5,000 fine in the possession case and 80 years imprisonment in the evading case. This appeal followed.

SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant contends the evidence is legally insufficient to support his convictions. Specifically, he urges that the evidence does not demonstrate that he was the driver of the vehicle or that he possessed the methamphetamine.

**Standard of Review**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See Jackson v. Virginia*, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and

2

circumstantial evidence are treated equally. *Id.* Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## Applicable Law

To satisfy the elements of possession of a controlled substance as alleged in the indictment, the State was required to provide that Appellant knowingly possessed less than one gram of methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

To prove unlawful possession of a controlled substance, the state must prove that the accused (1) exercised care, control, or management over the contraband and (2) knew the matter was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence, whether direct or circumstantial, must establish to the requisite level of confidence that the defendant's connection with the substance was more than merely fortuitous. *Id.* at 405-06. The defendant's mere presence at a place where the substance is possessed by others does not render him a joint possessor of the substance or party to the offense. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, presence or proximity when combined with other evidence can establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

A nonexclusive list of factors relevant to possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether

3

other contraband or drug paraphernalia was present, (11) whether the defendant owned or had the right to possess the place where the contraband was found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the conduct of the defendant indicated consciousness of guilt. *Id.* at 162 n.12. Possession is established not by a certain number of these links but by the logical force of all the evidence. *Id.* at 162.

A person commits the offense of evading arrest or detention when he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a) (West 2016). Intent may be inferred from a person's words, actions, and conduct, including factors such as the person's speed, time, distance, and behavior of driving during the pursuit. *Smith v. State*, 483 S.W.3d 648, 654 (Tex. App.–Houston [14th Dist.] 2015, no pet.); *State v. Walker*, 195 S.W.3d 293, 300 (Tex. App.–Tyler 2006, no pet.).

**Analysis**

Appellant contends the evidence fails to establish that he was the driver of the van or that he possessed the methamphetamine. In support of his argument, Appellant claims that one of the State's witnesses, the constable who attempted the initial traffic stop, lacks credibility thereby making the evidence insufficient. However, Appellant ignores the testimony from the other witnesses that supported his conviction.

Tommy Monk testified that he is a deputy constable for Van Zandt County. Monk surveils residences where illegal activity is suspected. While not involved in the pursuit, Monk heard the pursuit via the dispatch radio. After Constable Henson's vehicle became stuck, he went to the scene to assist. Monk testified that he is very familiar with the area where the pursuit took place. After arriving on scene, he learned that the suspect fled the vehicle. Monk searched for the suspect and interviewed several witnesses during that search. Those interviews included Gary Allen, Betty Nabors, Danny "Dano" Nabors, and Daniel "Little Danny" Nabors. Monk testified that he went to Dano's house because he had previously seen a white van at the residence. However, the witnesses at Dano's residence were uncooperative the evening of the incident. Monk later learned that those witnesses are related to Appellant. Monk also spoke with Allen during a traffic stop on May 15, 2015. At the time of the traffic stop, he was attempting to locate and identify Wayne Michael Horton, who was his primary suspect. After his discussion with Allen, Monk interviewed and followed leads from Brandi Goggans, Candi Smith, and Marty Jones. After following several

4

leads, Monk ran "a Michael Todd just through dispatch and it came back a Michael Todd Ramsey." Monk further testified that dispatch sent him a picture of "Michael Todd Ramsey," which witnesses identified as the person who drove the white van.

Allen testified that he employed Appellant as a mechanic. During the time that Appellant worked for him, Appellant went by the name Michael Todd. Allen testified that Appellant did not have a vehicle; therefore, Allen purchased a white van for Appellant to drive. Anytime that he saw the white van, Appellant was driving it. According to Allen, Appellant and the van were at Allen's house the day of the pursuit. Allen stated that Appellant and another party were at his house when he went into town and were not at the house when he returned. Allen further testified that upon his return to the house, he saw the pursuit between the van and a police car from his porch. While he could not be certain who was driving the van, Allen believed that it was Appellant. Allen further stated that he was upset the van "was wrecked. [And he] was out $1500." In Allen's opinion, if Appellant had not wrecked the van "he would have came to me and said something to me. I don't – you know, he didn't – where was it at, you know?" Allen also identified a "thank you" card found in the van as a card from him and his wife to Appellant.

Kathryn Smith, Appellant's girlfriend at the time of the pursuit, testified that Appellant told her the day after the chase that he ran from the police because he did not have insurance and "got into a big police chase" in his white van. When shown photographs of the van from the pursuit, Smith identified the van in the pictures as Appellant's. She further testified that she had never seen anyone other than Appellant drive the van. Smith stated that she and Appellant lived in a trailer on Dano's property in April 2015. She further testified that she initially told Constable Henson that Appellant was not present so that the constable could not speak with him. In January 2016, she met with Constable Henson again and told him that Appellant told her that he was driving the van during the April 2015 pursuit. She was later arrested for harboring a felon, for which she served five days in jail before the charges were dropped.

Lubbock County Investigator Bo Roberts testified that he assisted in Van Zandt County's investigation. As part of that investigation, he interviewed Appellant. During that interview, which was played for the jury, Appellant claimed to have never owned a van. Investigator Roberts also interviewed Dano, during which Dano told Roberts that Appellant owned a white van that had been on his property for months. He further stated that Appellant lived in both the van and a trailer on Dano's property. Dano claimed that Appellant told him about the April 2015 police chase in

5

which both Appellant and Constable Henson's vehicles became stuck. Specifically, Appellant told Dano that both "vehicles got stuck and he ran." Dano's statements in the recorded interview contradicted his testimony at trial.

Appellant argues on appeal that the evidence is insufficient to support the jury's finding that he was the driver of the van and the possessor of the methamphetamine. He urges that Constable Henson's testimony lacks credibility and should not have been considered by the jury because he allegedly perjured himself. However, even without Constable Henson's testimony, the evidence detailed above was sufficient for the jury to find that Appellant was the driver of the van involved in the April 4, 2015 pursuit. The evidence showed that Appellant owned the van at issue and was the primary, if not sole, driver. In addition, the evidence showed that Appellant admitted that he fled from Constable Henson on the night in question.

As the sole judge of the witnesses' credibility, the jury could have chosen to believe Monk's, Allen's, and Smith's testimony and credit Dano's recorded interview instead of any contrary testimony. *See Brooks*, 323 S.W.3d at 899. As a result, viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of evading arrest with a vehicle. *See* TEX. PENAL CODE ANN. 38.04(a). In addition, the logical force of the evidence establishes that Appellant exercised care, control, or management over the bags of methamphetamine and knew the matter was contraband. *See Poindexter*, 153 S.W.3d at 405; *Evans*, 202 S.W.3d at 162. Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of possession of a controlled substance. *See Poindexter*, 153 S.W.3d at 405; TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b). Because the evidence is sufficient to show that Appellant evaded arrest with a vehicle and possessed the methamphetamine, we overrule Appellant's first and second issues.

## IMPROPER COURT COSTS

In his third issue, Appellant contends the trial court improperly assessed duplicative court costs because the cases were tried in a single criminal action. The State concedes that duplicative court costs were improperly assessed. Accordingly, Appellant requests modification of one of the judgments and the attached order to withdraw funds from his inmate trust account.

6

Article 102.073 of the Texas Code of Criminal Procedure states "[i]n a single criminal action in which a defendant is convicted of two or more offenses ... the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2017). The Article further states that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." *Id*. art. 102.073(b).

It is undisputed that Appellant was convicted of two offenses in a single criminal action. Each judgment of conviction lists court costs. The evading arrest judgment lists $374 in court costs while the possession judgment lists $404 in court costs. We conclude the trial court erred in assessing court costs against Appellant on both convictions.

Both bills of costs assessed the following identical costs and fees: $133 district consolidated court cost, $40 district clerk fees, $5 security fee, $4 juror reimbursement fee, $0.60 "judicial salary – dist. clk portion," $5.40 "judicial salary – state portion," $2.50 "records management pres. – clerk," $22.50 "records magmt preserv. fund," $12.50 "time payment – state," $10 "time payment – county," $2.50 "time payment – dist. clk," $2 indigent defense fund, $4 "co. and dist. court tech. fnd – crim," $55 "capias – sher. fee," $5 statewide "elect filing sys fun/crm," and $40 jury fee. This amount equals $344. Article 102.073 provides that when a defendant is convicted of two or more offenses in a single criminal action, the trial court "may assess *each court cost or fee only once* against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (emphasis added); *Williams v. State*, 495 S.W.3d 583, 590 (Tex. App.–Houston [1st Dist.] 2016) *pet. dism'd*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. April 26, 2017) (not designated or publication). We agree with the parties that the trial court erred in assessing these costs against appellant for both offenses. *See Robinson v. State*, 514 S.W.3d 816, 828 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd).

The bill of costs for the evading conviction includes an additional $30 "capias – sher. fee," which totals $85. And the possession conviction includes $60 "intox/drug court program." These additional costs and fees were assessed against Appellant only once. These additional costs and fees were properly recoverable and properly assessed against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 102.073(a); *Williams*, 495 S.W.3d at 590; *Robinson*, 514 S.W.3d 828.

We therefore modify the judgment for Appellant's possession conviction, trial court cause number CR16-00143, and the attached order to withdraw funds to delete the $344 award of costs.

*See* TEX. R. APP. P. 43.2(b) ("The court of appeals may ... modify the trial court's judgment and affirm it as modified."); **Cates v. State**, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (holding, where trial court improperly included amounts in assessed court costs, that proper remedy was to reform judgment to delete improper fees).  We sustain Appellant's third issue.

## DISPOSITION

Having overruled Appellant's first and second issues but sustained his third issue, we modify the judgment and attached withdrawal order in trial court cause number CR16-00143 to delete $344 in court costs, and we affirm that judgment *as modified*.  We *affirm* the judgment in trial court cause number CR16-00144.

BRIAN HOYLE
Justice

Opinion delivered September 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 27, 2019**

**NO. 12-18-00266-CR**

**MICHAEL TODD RAMSEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR16-00143)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to modify the judgment and attached withdrawal order in trial court cause number CR16-00143 to delete $344 in court costs so that the judgment changes the court cost owed from $404 to $60, and we **affirm** that judgment **as modified**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 27, 2019

NO. 12-18-00267-CR

**MICHAEL TODD RAMSEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. CR16-00144)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*